IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE TREIBER, | ) | |
|     Plaintiff | ) | C.A. 05-278 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| ERIE POLICE DEPARTMENT, et al., | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the motion for summary judgment filed on behalf of Defendants Erie Police Department, Goozdich, and Talarico [Document # 14] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's complaint be dismissed for failing to state a claim upon which relief can be granted as against Defendant Ahlbrandt.[1]

**II.    REPORT**

    **A.    Procedural History**

On September 27, 2005, Plaintiff Dale Treiber, an inmate incarcerated at the State Correctional Institution at Coal Township, Pennsylvania ("SCI-Coal"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Erie Police Department ("E.P.D."); Officer William Goozdich of the E.P.D. ("Goozdich"); Officer Anthony Talarico of

---

[1] According to the docket entries in this case, it appears that Defendant Jason Ahlbrandt was improperly identified by Plaintiff as an Erie Police Officer and was purportedly served with the summons and complaint in this matter when the papers were erroneously accepted by the Erie Police Department on his behalf. [Document # 10]. As is apparent from his trial court testimony, however, Mr. Ahlbrandt is not a police officer and is not, in any way, affiliated with the Erie Police Department. (See jury trial transcript attached as Exhibit B to Document # 14, at pp. 87-90). As a result, Mr. Ahlbrandt has never been properly served in this matter and no appearance has ever been entered by an attorney on his behalf.

the E.P.D. ("Talarico"); and Jason Ahlbrandt ("Ahlbrandt").

Plaintiff alleges that Defendants committed assault and malicious prosecution in violation of his rights under the first, sixth, eighth, and fourteenth amendments to the United States Constitution. In particular, Plaintiff claims that:

> ... the Defendants arrested Plaintiff, and while handcuffed, Officers beat the Plaintiff causing the Plaintiff permanent loss of 50% of feeling in Plaintiff's hands and wrists... As a direct and proximate result of the acts of the Defendants, (Police Officers), Plaintiff suffered lacerations to his face, so no one could recognize Plaintiff's identity.... As a result of the Defendants attack, assault, the Defendants falsely used a kidnapping [sic] charge, inter alia, which Defendants committed Malicious Prosecution, Willful Misconduct, with Malice to conflict [sic] and cover up the attack, assault on Plaintiff.... As a direct and proximate result of the acts of the Defendants, (Police Officers), with the directions of unknown Police Officers, Plaintiff has suffered emotional distress, physical pain and severe shock to the Plaintiff's nervous system, which is permanent and will continue to cause Plaintiff great pain and suffering.

As relief for his claims, Plaintiff seeks and injunctive relief and compensatory damages.

Defendants E.P.D., Goozdich, and Talarico have filed a motion for summary judgment [Document # 14] asserting that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has filed a response to Defendants' motion essentially restating the bases for the claims set forth in his Complaint. This matter is now ripe for consideration.

### B.    Relevant Factual History

On September 14, 2004, a jury found Plaintiff guilty of thirteen criminal counts related to his kidnaping of a fifteen year old female from a parking lot located on West 19th and Peach Streets in Erie, Pennsylvania, on September 29, 2003. (See Opinion of The Honorable William R. Cunningham ("Trial Court Opinion"), attached as Appendix 1 to Document # 14, at p. 1). After abducting the female, Plaintiff attempted to elude police officers, who gave chase after noticing the high rate of speed Plaintiff was traveling and his failure to obey numerous stop signs. (Id.). The chase ended when Plaintiff crashed his vehicle into an apartment occupied by Defendant Ahlbrandt. (Id.; Document # 14, Appendix 2, at pp. 87-88). Plaintiff alleges that he was then apprehended by police, handcuffed, and beaten by Defendants Goozdich and Talarico.

2

(Complaint at Section IV.C).

### C. Standard of Review
#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary

3

judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-521 (1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. v. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complaint. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63,65 (3d Cir. 1996)(discussing

4

Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### D.     Discussion
#### 1.     Excessive Use of Force Claim

Plaintiff alleges that Defendants Goozdich and Talarico beat him while he was handcuffed, causing him to suffer facial lacerations and "permanent loss of 50% of feeling in [his] hands and wrists." (Complaint at Section IV.C).  Defendants counter that the sworn testimony and evidence elicited at trial demonstrate that their actions were reasonably necessary to subdue Plaintiff after he violently resisted arrest.

In Groman v. Township of Manalapan, 47 F.3d 628 (3d Cir.1995), the Third Circuit explained the elements of an excessive force claim:

> An excessive force claim under § 1983 arising out of law enforcement conduct is based on the Fourth Amendment's protection from unreasonable seizures of the person. Graham v. Connor, 490 U.S. 386, 394- 95 (1989).  A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution. Brown v. Borough of Chambersburg, 903 F.2d 274, 277 (3d Cir.1990).  Police officers are privileged to commit a battery pursuant to a lawful arrest, but the privilege is negated by the use of excessive force. Edwards v. City of Phila., 860 F.2d 568, 572 (3d Cir.1988).
>
> When a police officer uses force to effectuate an arrest that force must be reasonable. Graham, 490 U.S. at 396. The reasonableness of the officer's use of force is measured by "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id.  The reasonableness inquiry is objective, but should give appropriate scope to the circumstances of the police action, which are often "tense, uncertain, and rapidly evolving." Id. at 397.

Id. at 633-34.

At Plaintiff's criminal trial, Defendant Ahlbrandt testified that, after his apartment was struck by Plaintiff's vehicle, he witnessed police officers pulling Plaintiff from the vehicle, after which Plaintiff "resisted pretty strongly... [j]ust flailing his arms around and trying to crawl away...." (Document # 14, Appendix 2, at p. 89).  Ahlbrandt testified further that it took at least

two police officers to get Plaintiff under control. (Id.).

Defendant Goozdich testified that he arrived at the accident scene after Plaintiff had already been pulled from the vehicle and taken into custody by two police officers: Defendant Talarico and Officer Onderko. (Document # 14, Appendix 3, at pp. 68-69). Goozdich testified that Plaintiff "seemed to be mentally unstable or under the influence of some type of narcotic by the way that he was shaking," and "seemed uncontrollable." (Document # 14, Appendix 3, at p. 70). Defendant Goozdich testified further that the officers had difficulty getting Plaintiff under control. (Id.).

Officer Onderko testified that, after Plaintiff was removed from the vehicle, "[h]e began to resist, was very belligerent..." and "[h]is manner was very aggressive." As a result, Plaintiff had to be forced to the ground, after which Plaintiff "was attempting to get back up several times while we were attempting to handcuff him." (Document # 14, Appendix 4, at p. 79). Officer Onderko testified further that "[i]t took approximately a minute to get [Plaintiff] handcuffed," because Plaintiff was "flinging his arms around, swinging them," and that "[o]nce [Plaintiff] was handcuffed he was still very uncooperative" and "had to physically be carried to an ambulance." (Document # 14, Appendix 4, at p. 80).

Defendant Talarico testified that "[Plaintiff] was resisting our attempts to take him into custody." In particular, Talarico stated that, while Plaintiff was on his stomach, "[Officer Onderko] was down trying to get his arm behind him" and "I was on [Plaintiff's] back and he was trying to get up... [h]e was fighting pretty good." (Document # 14, Appendix 5, at p. 108). Defendant Talarico testified further that Plaintiff "was acting like he was high on something" and "was acting so wild and out of it we called for Emergycare to come up to assist." (Document # 14, Appendix 5, at p. 109).

Plaintiff has not produced any evidence to contradict the foregoing version of events. There is simply no evidence of record to support Plaintiff's allegations that he was assaulted and beaten by Defendant Goozdich, Defendant Talarico, and Officer Onderko. The substantial weight of evidence before this Court indicates that Plaintiff was actively and violently resisting the officers' attempts to place him in handcuffs and take him into custody. According to

Defendant Ahlbrandt and all officers at the scene, Plaintiff was acting irrationally and out of control, and had to forcibly be subdued. Weighing the circumstances surrounding the use of force in this case, this Court concludes that the actions of Defendants Goozdich and Talarico, and Officer Onderko, did not constitute excessive force and summary judgment should be granted in this regard.

### 2.     Malicious Prosecution and Wilful Misconduct Claims

Plaintiff claims that, "[a]s a result of the Defendants attack, assault, the Defendants falsely used a kidnapping [sic] charge, inter alia, which Defendants committed Malicious Prosecution, Willful [sic] Misconduct, with Malice to conflict and cover up the attack, assault on Plaintiff." (Complaint at Section IV.C.4). Thus, in essence, Plaintiff is claiming that the kidnaping charge, of which he was ultimately found guilty, was "false" and, therefore, he is entitled to receive monetary damages. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512 U.S. at 487 (emphasis in the original).

Plaintiff's claim that he was falsely accused of kidnaping clearly implicates the validity of his conviction; yet, Plaintiff has made no showing that the conviction has been declared invalid. Therefore, Plaintiff's claims for monetary damages against the Defendants should be dismissed.

### 3.     The Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

7

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A.  Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so.  Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at  28 U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory  provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  See 28 U.S.C. §1915(e)(2)[2].  Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language.  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").  In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

The record reflects that Defendant Ahlbrandt has not been properly served in this case; however, it is clear from the Complaint that the only allegations Plaintiff has made against

---

[2] Title 28 U.S.C. §1915(e)(2) provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Defendant Ahlbrandt arise from Plaintiff's misidentification of him as one of the police officers allegedly involved in assaulting Plaintiff on September 29, 2003. Since Defendant Ahlbrandt has never been employed as a police officer, and since Plaintiff has not made any other allegations against said Defendant, this lawsuit should be dismissed as against Defendant Ahlbrandt for Plaintiff's failure to state a claim upon which relief may be granted.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for summary judgment filed on behalf of Defendants Erie Police Department, Goozdich, and Talarico [Document # 14] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's complaint be dismissed for failing to state a claim upon which relief can be granted as against Defendant Ahlbrandt.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: October 27, 2006

cc:     The Honorable Sean J. McLaughlin
        United States District Judge